FILED

JAN - 4 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 09-60877-A-7
                                         DC No. UST-2
IVAN VILLA

        Debtor.
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON UNITED STATES TRUSTEE'S MOTION FOR ORDER TO
SHOW CAUSE WHY PATRICIA STEPHENS SHOULD NOT BE HELD IN
CIVIL CONTEMPT AND SANCTIONED $5,000**

    A hearing was held November 2, 2010, on the motion of the United States Trustee for an order to show cause why Patricia Stephens should not be held in civil contempt and sanctioned $5,000. The matter was deemed submitted as of November 2, 2010. The Court grants the United States Trustee's request for judicial notice in support of this motion. The Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by § 157(b)(2)(A).

### FINDINGS OF FACT

    The United States Trustee ("UST") filed a complaint, on February 3, 2010, (adversary proceeding 10-1027) against bankruptcy petition preparer Patricia Stephens ("Stephens") seeking disgorgement, fines, and permanent injunction from acting

as a bankruptcy petition preparer. On May 28, 2010, Stephens signed a stipulation resolving the adversary proceeding. Stephens agreed to the entry of an injunctive order permanently prohibiting and enjoining her from acting as a bankruptcy petition preparer, including typing and preparing any bankruptcy document, in the Eastern District of California. On June 11, 2010, this Court approved the stipulation.

After June 11, 2010, the UST became aware of two cases in which Stephens prepared the bankruptcy petition. On July 8, 2010, the UST's attorney sent a letter to Stephens indicating the UST was aware of her violations and the UST would seek remedies from the Bankruptcy Court, including contempt of court, for any further violations. A copy of the June 11, 2010 order approving the stipulation was included with the UST's letter.

The UST received a letter dated July 13, 2010 in response from Stephens, in which she stated that she called the court and was informed that no appearance was necessary for the last hearing on account of the stipulation. Stephens acknowledged receiving the UST's letter and agreed to stop accepting new customers and comply with the stipulation.

Despite Stephens' stipulation and pledge to comply with that stipulation, the UST has identified fifteen cases in which Stephens prepared the bankruptcy petition and three cases in which Stephens prepared bankruptcy documents. On September 15, 2010, Stephens filed a letter seeking reconsideration of the June 11, 2010 order approving the stipulation. On September 20, 2010, this Court denied Stephens' request for reconsideration.

On September 30, 2010, the UST filed this motion for an

order to show cause why Stephens should not be held in civil contempt and sanctioned $5,000. On October 15, 2010, Stephens filed a response indicating she signed the stipulation under duress and wishes to continue preparing bankruptcy documents and petitions. Stephens also indicated that she did not comply with the June 11, 2010 order because there were people in desperate need of her help. A hearing was held on November 2, 2010, at which attorney Robin Tubesing appeared on behalf of the UST, but there was no appearance by Patricia Stephens.

## CONCLUSIONS OF LAW

Bankruptcy courts have a contempt power under 11 U.S.C. § 105(a). In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002). Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). The standard for finding a party in civil contempt is: "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." In re Bennett, 298 F.3d 1059, 1069 (9th Cir. 2002).

In this case, the UST has provided evidence of eighteen bankruptcy petitions or documents prepared or typed by Stephens in violation of the June 11, 2010 order enjoining

Stephens from acting as a bankruptcy petition preparer, including typing or preparing any bankruptcy document. Stephens' response of October 15, 2010 argues she was under extreme "duress" when she signed the stipulation, but she does not provide any evidence of the UST's actions that caused her duress. Furthermore, the stipulation itself provides that Stephens is able to read English, the UST advised her to seek counsel, and she enters into this stipulation freely and voluntarily, under no duress or coercion. Stephens did not appear at the hearing to clarify her allegation of duress.

Stephens' response of October 15, 2010 specifies that she did not comply with the June 11, 2010 order because she was approached by people in need of her services. However, that is not a sufficient reason to justify the violation of a court order. Stephens agreed to stop working as a bankruptcy petition preparer in the stipulation of May 28, 2010, which was approved by this Court on June 11, 2010. Stephens was aware when she signed the stipulation that she would need to refuse people seeking her services in bankruptcy cases. Furthermore, she again agreed to comply with the stipulation in her letter of July 13, 2010, and refuse new clients. Stephens' decision to continue to accept new clients because they need help instead of referring them to someone allowed to work as a bankruptcy petition preparer does not excuse her violations.

Based on the findings of fact and conclusions of law set forth herein, the UST's motion for an order to show cause why

Patricia Stephens should not be held in civil contempt and sanctioned $5,000 shall be granted.

The UST shall submit a separate form of order consistent herewith.

DATED: 1/4/11

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court